UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID SHEARON,

          Plaintiff,

      -against-

COMFORT TECH MECHANICAL CO., INC.,
And KENNETH ELLERT,

          Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

12-CV-96

(Kuntz, J.)

**WILLIAM F. KUNTZ, II, United States District Judge**

David Shearon ("Plaintiff") commenced this action against his former employer, Comfort Tech Mechanical Co., Inc. ("CTM"), on January 9, 2012. Following motions to dismiss and to amend, Plaintiff's remaining causes of action are comprised of: 1) a claim against CTM for violations of the Americans with Disabilities Act ("ADA") and 2) a misrepresentation and fraud claim against Defendant Kenneth Ellert. Defendant CTM now argues that the Court lacks supplemental jurisdiction over the misrepresentation and fraud claim against Ellert, and moves to dismiss it pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 22. The motion is GRANTED, and the misrepresentation and fraud claim is dismissed. Plaintiff may proceed only on his ADA claim.

### I. FACTUAL BACKGROUND

This action began on January 9, 2012, when Plaintiff David Shearon filed a lawsuit against Defendant Comfort Tech Mechanical Co. Dkt. 1 ("Initial Complaint"). In his Initial Complaint, Shearon alleged that CTM employed him as a heating, ventilation, and air conditioning ("HVAC") worker from May 2008 through January 2011. *Id.* at ¶ 10. During that time, CTM purportedly operated pursuant to a local union labor agreement. *Id.* at ¶ 11. However, Shearon was not employed under any employment contract with CTM, and CTM did not offer him union membership. *Id.* at ¶ 12. Shearon asserted that because he was not a union member, he was paid lower hourly wages, and was denied other union benefits. *Id.* at ¶¶ 13-14.

1

The Initial Complaint also alleged that Shearon requested, and was granted, leave from employment to pursue alcohol counseling and rehabilitation. *Id.* at ¶ 15. When Shearon initially requested a leave of absence, Stuart Ellert, a CTM principal stated "'Oh no, we can't have this!,' or words to that effect." *Id.* at ¶ 16. CTM later terminated Plaintiff on February 28, 2011, "with full knowledge that Shearon was in treatment." *Id.* at ¶ 20.

Shearon's Initial Complaint asserted three causes of action for disability discrimination: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (2) the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290; and (3) the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107. Dkt. 1. Shearon also brought three state law claims: (1) unjust enrichment, (2) quantum meruit, and (3) negligent infliction of emotional distress ("NIED"). *Id.*

Defendant CTM subsequently moved to dismiss the five non-ADA claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkts. 4-6. Plaintiff cross-moved to add four additional causes of action and to add Stuart Ellert, a CTM principal, as a named defendant. Dkt. 11. By order of March 28, 2013, the Court found that Plaintiff's state common law claims for unjust enrichment, quantum meruit, and negligent infliction of emotional distress were preempted, and that Plaintiff had failed to exhaust the grievance remedies required under the Collective Bargaining Agreement ("CBA"). Dkt. 16 at 8-15. The Court also found that it lacked subject matter jurisdiction over Plaintiff's claims for violations of the New York State Human Rights Law and the New York City Human Rights Law. *Id.* at 15-16. With regards to Plaintiff's proposed amendments, the Court denied as futile Plaintiff's proposed claims for breach of the CBA, breach of ERISA obligations, and breach of fiduciary duty. *Id.* at 17-21. However, the Court granted Plaintiff leave to add a cause of action against new Defendant Ellert for

misrepresentation and fraud, because "[h]aving satisfied all of the elements of a claim for fraudulent misrepresentation," it appeared possible that Plaintiff would be able to assert a fraud claim that would "vindicate rights independent of the CBA." *Id.* at 21-22.

On April 18, 2013, Plaintiff filed his Amended Complaint against Defendants CTM and Ellert. Dkt. 18 ("Am. Compl."). The Amended Complaint brought a claim of disability discrimination in violation of the ADA against CTM, as well as a claim of misrepresentation and fraud against Ellert. *Id.* at ¶ 1. Plaintiff's factual allegations in the Amended Complaint substantially echoed those in his Initial Complaint. *Compare* Dkt. 1 at ¶¶ 10-20 *with* Dkt. 18 at ¶¶ 11-25. However, Plaintiff added allegations that "[a]t numerous times during his employment, Shearon inquired from defendant Ellert whether CTM was a 'union shop' and was told 'no'. . . each time by Ellert." Dkt. 18 at ¶ 16. Plaintiff also asserted that Defendants did not make union membership information available to him, and that only after his employment ended did Plaintiff learn that CTM was a "union shop" and obtain a copy of the CBA applicable to his employment. *Id.* at ¶¶ 17, 24-25. Plaintiff asserted that jurisdiction was proper pursuant to 42 US.C. § 2000, 28 U.S.C. §§ 1331, and pendent jurisdiction. *Id.* at ¶ 7.

On June 7, 2013, Defendant CTM moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 22.

## II. DISCUSSION

### a. Legal Standard

A case may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). A court making this determination must take all facts

alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).

Supplemental jurisdiction may be exercised over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution." 28 U.S.C. § 1367(a). Disputes satisfy this requirement if they derive from a common nucleus of operative fact, *e.g.*, if the facts underlying the claims substantially overlap or presentation of the federal claim necessarily brings the facts underlying the state claim before the federal district court. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006); *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000) (supplemental jurisdiction should not be exercised when federal and state claims rest on "essentially unrelated" facts).

If a common nucleus of fact is found, a federal court's exercise of supplemental jurisdiction is a "favored and normal course of action." *Promisel*, 943 F.2d at 254. However, a court may still decline to exercise supplemental jurisdiction over a state law claim if 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction; or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

**b. Application**

*i. The Court Has Not Already Determined Jurisdiction*

As a threshold matter, Plaintiff argues that the Court has "*already ruled* that here, at the pleading stage of the litigation, Plaintiff has made out a proper claim for fraud/misrepresentation and it is properly before this Court at this time." Dkt. 23 ("Opp.") at 3. Plaintiff misunderstands the procedural posture of this case. In its order of March 28, 2013, the Court found that Plaintiff had adequately pleaded a claim for misrepresentation and fraud, and granted Plaintiff leave to amend on that claim. Dkt. 16 at 21-22. The issue of whether a party has adequately *pleaded* a claim is a separate issue from the issue of whether the Court has *jurisdiction* over that claim, and the Court's prior order did not address the latter question. *See* Dkt. 16 at 22 (finding only that "Plaintiff has adequately pled a fraud claim against Ellert"). Further, the argument is a nullity, because "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, *at any stage in the litigation*, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (emphasis added). To the extent that Plaintiff is arguing that the procedural posture of this case precludes the Court from ruling on its own jurisdiction, Plaintiff is incorrect.

*ii. Supplemental Jurisdiction Does Not Lie*

Supplemental jurisdiction would exist if Plaintiff's fraud claim arose out of the same case or controversy as Plaintiff's ADA claim. *See* 28 U.S.C. §1367(a). It does not.

Plaintiff's fraud and misrepresentation claim arises out of Defendant Ellert's failure to inform Plaintiff that CTM was a "union shop," and Plaintiff's resulting beliefs that he was being adequately compensated for his work and was not entitled to other fringe benefits. Am. Compl. at ¶¶ 34-36. By contrast, Plaintiff's ADA claim arises out of Plaintiff's February 28, 2011

termination "on account of his [alcoholism] disability," and CTM's failure to offer Shearon a "reasonable accommodation for [the] disease[.]" *Id.* at ¶¶ 19-23, 27-30. These claims represent two different alleged wrongs committed by two different defendants, making supplemental jurisdiction inappropriate. *See Young v. New York City Transit Authority*, 903 F.2d 146 (2d Cir. 1990) (no common nucleus of operative fact because federal claim raised legal issues completely unrelated to those presented by the state claim); *Bu ex rel. Bu v. Benenson*, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001) (Lynch, J.) (no supplemental jurisdiction existed over claim involving "different rights, different interests, and different underlying facts"). For instance, Plaintiff does not allege that CTM's status as a "union shop," and his lack of knowledge thereof, were related to CTM's reaction to his alcohol rehabilitation or to Plaintiff's eventual termination. *See* Am. Compl. at ¶¶ 12-23. Nor does Plaintiff allege that Ellert's comments to him regarding CTM's status as a union shop were connected to Ellert's comments regarding alcohol counseling. *Id.* at ¶ 19.

Indeed, Plaintiff does not even argue that the two claims were linked by an overlapping course of conduct, or were of close temporal connection. As Defendant argues, the allegations of discrimination cover a four-week period of time at the very end of Plaintiff's employment, while the fraud-related allegations are undated and have no demonstrable overlap with the four-week period. Dkt. 24 (Reply Memorandum) at 4. Plaintiff acknowledges CTM's argument, but simply responds that "a full factual record has yet to be developed." Opp. at 6. This speculative response is insufficient to establish jurisdiction. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (in determining whether the plaintiff has met its burden of proving jurisdiction, a court should not draw "argumentative inferences" in the plaintiff's favor) (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)).

The only discernible factual connection or overlap between Plaintiff's federal ADA claim and state-law fraud claim is the background circumstance of Plaintiff's employment relationship. *See* Opp. at 7 (arguing that "both claims derive from statements made to and actions taken toward Shearon during his employment by [CTM]."). This bare link does not establish supplemental jurisdiction. Plaintiff does not allege that CTM's concealed status as a "union shop" caused the alleged disability discrimination, or that the employment relationship constituted a significant connection between the two alleged wrongs. *See Achtman*, 464 F.3d at 335 (supplemental jurisdiction established when claims substantially overlap, or when federal claim "necessarily" brings the facts underlying the state claim before the court). Courts addressing similar situations routinely hold that the employment relationship is itself insufficient to create a common nucleus of operative fact, and this Court finds the same. *See Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 12-cv-2327, 2013 WL 5460196, at *6 (E.D.N.Y. Sept. 30, 2013) (Johnson, J.) (*sua sponte* dismissing state age discrimination claims because "the only overlap between plaintiff's state and city law age discrimination claims and her federal law wage claims is the fact that both arose in connection with her employment"); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 395 (E.D.N.Y. 2007) (Reyes, M.J.) ("Plaintiff's employment relationship is insufficient to create a 'common nucleus of operative fact' where it is the sole fact connecting plaintiff's federal overtime claim and the remaining state law claims."); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468-69 (S.D.N.Y. 2007) (Crotty, J.) ("[T]he employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting Plaintiffs' federal overtime claims and [Defendant's] state law counterclaims.").

7

While there are cases in which the employment relationship frames an overlapping or closely tied set of events, giving rise to supplemental jurisdiction, *see, e.g., Treglia v. Town of Manlius*, 313 F.3d 713, 722-23 (2d Cir. 2002) (supplemental jurisdiction existed over state discrimination claim arising out of "approximately the same set of events" as federal retaliation claim, where allegedly retaliatory acts resulted from plaintiff's discrimination complaints); *Nicholsen v. Feeding Tree Style, Inc.*, 12-cv-6236, 2014 WL 476355, at *2-4 (S.D.N.Y. Feb. 6, 2014) (Oetken, J.) (acknowledging that "[m]any courts have held that . . . the same employment relationship . . . alone is not enough to sustain supplemental jurisdiction," but finding that supplemental jurisdiction existed because litigation of the federal claims would entail a "substantial portion of the operative facts" underlying the state claims), those factual circumstances do not exist here. Litigating the ADA claim will not resolve or necessarily involve the facts underlying Plaintiff's fraud claim, and any overlap in discovery will be marginal at best. Where, as here, the only association between two claims is Plaintiff's employment, jurisdiction over the state claim does not exist. *See Hahn v. Rocky Mountain Exp. Corp.*, No. 11-cv-8512, 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) (Swain, J.) (no jurisdiction existed over state claim because "[t]he only overlap between Plaintiff's wage claims and his age discrimination claim [was] the fact that both arose in connection with his employment").

Plaintiff's federal claim and state claim represent separate cases and controversies. Thus, the Court lacks jurisdiction over Plaintiff's fraud and misrepresentation claim.

## III. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's fraud and misrepresentation claim is GRANTED, and the claim is dismissed without prejudice. The parties are directed to proceed with discovery on Plaintiff's ADA claim.

**SO ORDERED**

Dated: Brooklyn, New York
      March 31, 2014

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge